IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN F. GEBAURER, GB-3770, )
    Petitioner, )
     )
    v. ) 2:17-cv-1209
     )
BARRY SMITH, et al., )
    Respondents. )

MEMORANDUM and ORDER

Presently before the Court for disposition is the respondents' motion to dismiss (ECF No.12). For the reasons set forth below, the motion will be granted and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

John F. Gebauer an inmate at the State Correctional Institution at Houtzdale has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Gebauer is presently serving a 37 ½ to 75 year sentence imposed following his plea of guilty to charges of third degree murder, abuse of a corpse, possession of a firearm by a minor, theft of a firearm, theft of a credit card, and unauthorized use of a motor vehicle at No. CP-63-CR-1167-2003 in the Court of Common Pleas of Washington County, Pennsylvania. This sentence was imposed on December 9, 2004. No appeal was pursued.[1]

On March 23, 2011 Gebauer submitted a post-conviction petition which was denied on May 31, 2016 as untimely.[2] An appeal was taken to the Superior Court which Court on June 5, 2017 affirmed the dismissal on grounds of untimeliness. Commonwealth v. Gebauer, 917 WDA 2016, a copy of which is contained in the state court records.

In the instant petition received on September 15, 2017, Gebauer asserts that he is entitled to relief on the sole issue of "whether the petitioner was sentenced improperly and/or illegally as a minor?"[3]

---

[1] See: Petition at ¶¶ 1-6, 9(g) as well as the June 5, 2017 Memorandum of the Superior Court.
[2] Id. at ¶11 as amended by the state court records. Pennsylvania requires that a post-conviction petition be filed within 1 year of the date on which the conviction becomes final. 42 Pa.C.S.A. § 9545 (b)(1).
[3] Id. at ¶12.

The background to this conviction and sentence is set forth in the June 5, 2017 Memorandum of the Superior Court which is included in the state court records:

> Appellant shot and killed his adoptive mother. On October 14, 2004, Appellant entered a guilty plea to third degree murder, abuse of a corpse, possession of a firearm by a minor, theft of a firearm, theft of a credit card, and unauthorized use of a motor vehicle. Appellant was sentenced on December 9, 2004, to an aggregate 37 ½ to 75 years' incarceration. Appellant did not file a direct appeal…
>
> On appeal, Appellant appears to claim that PCRA court erred in dismissing his petition as untimely where the sentence he is serving is illegal…
>
> Appellant's judgment of sentence became final on January 8, 2005, when the thirty-day period for filing an appeal to this Court expired… His first PCRA petitioner, filed over six years later on March 23, 2011, is patently untimely. Thus, the PCRA court lacked jurisdiction to review Appellant's petition unless he was able to plead and prove one of the statutory exceptions to the law's time-bar…
>
> Appellant failed to properly invoke any of the three timeliness exceptions… Appellant makes a series of undeveloped arguments pertaining to the alleged vagueness of the charges against him; the purported excessiveness of his sentence, in light of the fact that he was a juvenile at the time of the murder; and imprecise assertions regarding plea counsel's ineffectiveness. Appellant does not articulate how any of these claims might fall within the PCRA's time-bar exceptions, nor does he allege that he raised these issues within 60 days of the date of their discovery.
>
> We conclude that Appellant has not met his burden of proving that his patently untimely petition falls within one of the three limited exceptions to the PCRA's jurisdiction time-bar. Accordingly, we affirm the PCRA court's order dismissing his petition for relief.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations

must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010). This is a very difficult burden to meet. Harrington v. Richter, 131 S.Ct. 770 (2011).

It is clear that there are no state court remedies available to Gebauer and thus it must be determined whether a procedural default has occurred. To overcome such a default, a petitioner must demonstrate that but for constitutional error the result could not have occurred. Jenkins v. Hutton, 137 S.Ct. 1769 (2017). As the Superior Court concluded and as appears from the petition here, Gebauer appears to be arguing that the "life" sentence imposed on him as a juvenile was unconstitutional.

In <u>Miller v. Alabama</u>, 567 U.S. 460, 470 (2012), the Court held that based on the immaturity of a juvenile, the imposition of a mandatory life sentence without parole was unconstitutional. <u>Miller</u> was deemed retroactive in <u>Montgomery v. Louisiana</u>, 136 S.Ct. 718 (2016). The <u>Montgomery</u> Court further held that a <u>Miller</u> problem can be resolved by making the defendant parole eligible. 136 S.Ct. at 736.

In the present case, petitioner was sentenced to a term of 37 ½ to 75 years and is parole eligible. Thus, because <u>Miller</u> and its progeny offer Gebauer no basis for relief and additionally because he is unable to overcome the procedural default, Gebauer is not entitled to relief here.

Because Gebauer is not being held in violation of federal law as determined by the Supreme Court nor as a result of an unreasonable application of that law his petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell
Filed: January 23, 2018                         United States Magistrate Judge

ORDER

AND NOW, this 23rd day of January, 2017 for the reasons set forth in the foregoing Memorandum, the respondents' Motion to Dismiss (ECF. No. 12) will be granted, and the petition of John F. Gebaurer (ECF No. 6) is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

Petitioner is advised that if he desires to appeal this decision, pursuant to Rule 4(a) of the Federal Rules of Appellant Procedure he must do so within thirty (30) days of this date.

s/ Robert C. Mitchell
United States Magistrate Judge